UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNDRAY KNIGHTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:09-cv-333-SEB-TAB |
| ) | |
| DR. MICHAEL MITCHEFF, in his ) | |
| individual capacity, CARLA FOSTER, ) | |
| OFFICER SPRINGFIELD, OFFICER ) | |
| NIBBLE, SGT. SURBISKY, OFFICER ) | |
| MILLER, LT. BROOKS, OFFICER ) | |
| LEONARD, and OFFICER HOOD, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss First Amended Complaint [Docket No. 31] filed by Defendants Brooks, Leonard, and Hood[1] on August 7, 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Undray Knighten, brings this claim pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Defendants Brooks, Leonard, and Hood assert that Mr. Knighten's First Amended Complaint fails to state a plausible claim upon which relief

---

[1] At the time this motion was filed, Officer Maddox, a then-named defendant, was a part of this motion to dismiss. However, Officer Maddox has since been dismissed with prejudice from this cause of action by stipulation.

can be granted against any of them because it does not contain sufficient allegations as to what they individually did or did not do which would have violated Plaintiff's rights under the Eighth Amendment.  For the reasons detailed in this entry, we DENY Defendants' Motion to Dismiss.

## Legal Analysis

### I.     Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).  Id.  "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."[2]  Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007) (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)) (internal quotations omitted)).

---

[2] Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a).  Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Hillingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

## II.   Section 1983 and the Eighth Amendment

To prevail under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) (citing Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, the official sued "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye . . . ." Id. (quoting Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988)).

Here, Mr. Knighten alleges that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment protects inmates "against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). Accordingly, under Seventh Circuit law, a governmental officer may be held individually liable under Section 1983, if he exhibits "deliberate indifference to serious medical needs" of an inmate, such as intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment. Id. at 828-29. However, mere negligence in the provision of medical care is not a constitutional violation. Id. at 829. A plaintiff must show both: "(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." Id. (quoting Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)).

Under Seventh Circuit law, an objectively serious medical condition "is one that 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" Thomas v. Cook County Sheriff's Dep't, 588 F.3d 445, 452 (7th Cir. 2009) (quoting Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008)). To satisfy the subjective component of the test and prove deliberate indifference, a plaintiff must demonstrate that the individual defendants "intentionally disregarded the known risk to inmate health or safety." Collins v. Seeman, 462 F.3d 757, 762 (7th Cir. 2006) (citations omitted). In other words, "[t]he officials

must know of and disregard an excessive risk to inmate health; indeed, they must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'" Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

**III.    Discussion**

In Mr. Knighten's complaint, he alleges that he was deliberately denied adequate medical care on two occasions. First, during the period between 2004 and 2007, when he alleges that he "repeatedly complained to staff at the prison" about his symptoms, including "frequent bloody bowel movements," "ongoing severe back pain," and a seventy-five pound weight loss, but was allegedly denied access to appropriate testing and treatment until October 2007, at which point medical tests revealed that he was suffering from Stage-4 colon cancer. Am. Compl. ¶¶ 5-6. After he was diagnosed, Mr. Knighten alleges that he had no choice but to undergo surgery in March or April of 2008 during which portions of his colon were removed and a colostomy device was implanted. Mr. Knighten alleges that the placement of the colostomy device was supposed to be only temporary, but that "the named Defendants" repeatedly cancelled his medical appointments, resulting in the ostomy site becoming "swollen, bloody, and infected to the point that part of his stomach had changed color." Id. ¶¶ 7-8. Mr. Knighten further alleges that, although he told "the named Defendants" about his condition, "the Defendants" denied him medical care. Id. ¶ 8.

Defendants Brooks, Leonard, and Hood are individually mentioned by name only in the third paragraph of Mr. Knighten's Complaint.  In that paragraph, Mr. Knighten alleges that:

> Lt. ___ Brooks, Officer ___ Leonard, and Officer ___ Hood are all employees of the Indiana Department of Corrections/Indiana state prison who either denied Plaintiff's request for medical interviews, received requests from the Plaintiff regarding his need for healthcare, or otherwise received requests for help from the Plaintiff regarding his need for adequate healthcare for his serious medical needs while at the Indiana State Prison, but who deliberately and recklessly denied Plaintiff adequate medical care in violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution and who were otherwise in violation of Plaintiff's rights against cruel and unusual punishment.

Id. ¶ 3.  Admittedly, this paragraph, on its own, is insufficient to state a claim against Lt. Brooks, Officer Leonard, or Officer Hood because it contains only bare assertions, amounting to "nothing more than a 'formulaic recitation of the elements,'" (Iqbal, 129 S.Ct. at 1951 (quoting Twombly, 550 U.S. at 555)), of his claim, namely, that Defendants received requests for medical attention from Mr. Knighten, but denied them with deliberate indifference to his serious medical need in violation of the Eighth Amendment.

However, elsewhere in his Complaint, Mr. Knighten alleges more specific facts. For example, he alleges that, after it was discovered that he had Stage-4 colon cancer and he underwent surgery, although the placement of the colostomy device was supposed to be only temporary, "[t]he named Defendants, including Dr. Mitcheff and others, repeatedly cancelled [his] medical appointments, denied him access to medical attention that he required relating to his serious health condition, and the colostomy device."  Am.

Compl. ¶ 7. In his Amended Complaint, Mr. Knighten claims that, as a result of the device not being removed, the "ostomy site became swollen, bloody, and infected to the point that part of his stomach had changed color." Id. ¶ 8. Mr. Knighten further alleges that he "alerted the named Defendants about these serious needs and conditions, but the Defendants, including Dr. Mitcheff, denied Plaintiff adequate medical care for the condition." Id.

    Although not always mentioning them by their individual names, we find Mr. Knighten's allegations referring to "the Defendants and each of them," and "the named Defendants," sufficient to provide notice to Lt. Brooks, Officer Leonard, and Officer Hood that, being named as defendants in the litigation, they are the defendants that the allegations in the corresponding paragraphs address. Moreover, in paragraphs six through eight of his Amended Complaint, Mr. Knighten states both sufficient facts and a legal theory to provide Defendants notice as to their individual actions and conduct for which he seeks to hold them liable. Specifically, Mr. Knighten alleges sufficient facts to show that Lt. Brooks, Officer Leonard, and Officer Hood were acting under color of state law and that, at least following his surgery, each of "the named Defendants" was aware that Mr. Knighten's ostomy site became bloody and infected so that his stomach turned colors, and that, despite his requests for medical attention, they denied him treatment, allegedly resulting in serious medical complications. We find that these facts, accepted as true at this stage in the proceedings, are sufficient to "nudge" Mr. Knighten's § 1983 claim against Lt. Brooks, Officer Leonard, and Officer Hood "across the line from conceivable

to plausible." Twombly, 550 U.S. at 570.  Accordingly, we DENY Defendants' Motion to Dismiss.

  IT IS SO ORDERED.

Date: ___02/25/2010_____        _Sarah Evans Barker_____
                       SARAH EVANS BARKER, JUDGE
                       United States District Court
                       Southern District of Indiana

Copies to:

Eric James Beaver
INDIANA OFFICE OF THE ATTORNEY GENERAL
eric.beaver@atg.in.gov

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Jeb Adam Crandall
SWEETIN & BLEEKE PC
jeb@sweetinbleeke.com

Brandon G. Milster
SWEETIN & BLEEKE, P.C.
brandon@sweetinbleeke.com

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com